Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
NV Bar No. 15962
729 Evans Avenue
Reno, Nevada 89512
(775) 786-5477
Fax  (775) 786-9658
mark@markmausertlaw.com
sean@markmausertlaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SHAUNA ISRAEL, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| TESLA, INC., TESLA MOTORS, INC., AND TESLA MOTORS NV, INC. | |
| Defendants. | |

COMES NOW plaintiff, through counsel, who hereby complain of defendant (hereinafter "Tesla"), via this Complaint and Jury Demand as follows:

Parties, Venue, Jurisdiction and Jury Demand

1. Plaintiff is a woman and previously resided in northern Nevada.  All, or almost all, acts, statements, communications and omissions alleged herein occurred in northern Nevada, at Tesla's industrial facility, located approximate twenty miles east of Reno, in Storey County. Nevada.  Plaintiff hereby requests a jury trial relative to all issues so triable.   Plaintiff has obtained a  Notice of Right to Sue from the Equal Employment Opportunity Commission, i.e., plaintiff has exhausted administrative remedies in accord with federal law.    This Complaint

and Jury Demand is timely filed in accordance with the Notices of Right to Sue which accompany this Complaint and Jury Demand and is incorporated herein.

2.  Defendant Tesla, is a corporation, limited liability company, partnership or some other legal entity, which employed plaintiff in a non-managerial position from approximately October 17, 2017 until June, 2021.   At all relevant times defendant employed at least fifteen employees for at least twenty weeks per year.

3.  This Court has venue over this action because all, or almost all, acts, communications, statements and omissions alleged herein occurred in northern Nevada; defendant Tesla does substantial business in northern Nevada, e.g., it maintain a place of business in Storey County, Nevada, at which all, or almost all, acts, statements and omissions which form the basis for this lawsuit occurred.  Therefore, this Court has venue pursuant to 42 U.S.C. 2000e-5(f)(3).

4.  This Court has jurisdiction over this matter as plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, i.e., 42 U.S.C. 2000e, et seq.  Subject matter jurisdiction is invoked pursuant to 28 U.S.C. 1343.  Jurisdiction exists relative to defendant Tesla because plaintiff is a woman who was subject to harassment, and subsequently retaliation "because of sex", as defined by 42 U.S.C. 2000e, et seq.  That is, defendant Tesla allowed plaintiff's work environment to deteriorate via sexual harassment to the point at which plaintiff constructively discharged.

First Cause of Action

(Sexual Harassment)

5. Plaintiff hereby incorporates all of the allegations of paragraphs 1 through 4 inclusive, as well as all other allegations herein, as though they were fully stated.

6.   Throughout almost the entirety of plaintiff's employment she was subject to a

course of sexual harassment which a reasonable woman could readily have found sufficiently egregious and/or offensive to constitute a work environment permeated with sexual hostility. Plaintiff subjectively experienced her work environment to be hostile and/or offensive, "because of sex", as defined and/or prohibited by 42 U.S.C. 2000e, et seq. Plaintiff's work environment was rendered sexually hostile by the actions and statements of Junior Johnson (which commenced in August, 2019); by obscene and misogynistic rap music (which was played throughout almost the entirety of plaintiff's employment); and by the actions and statements of employees who responded to the rap music. Mr. Johnson engaged in repeated sexual remarks, e.g., he would repeatedly ask plaintiff whether or not she was married; he demanded plaintiff refrain from walking away from him; he stalked plaintiff; Johnson engaged in unwanted and offensive touching, e.g., he put his arms around plaintiff, he rubbed her arms, he shoved plaintiff's face toward his crotch; he forcibly grabbed plaintiff and restrained her when she tried to walk away, etc. Plaintiff repeatedly complained to defendant's Human Resource personnel of the sexually hostile work environment, and in particular of the statements and actions of Mr. Johnson, and the abusive music. Defendant failed to properly and promptly investigate and/or to take adequate remedial action, sufficient to redress past harassment and deter future harassment.

   7. The rap, or hiphop music which defendant allowed its employees to be loudly played in its work environment often was replete with foul, misogynistic terms, e.g., women were frequently referred to as "bitches", etc. Graphic references to sex were used. Plaintiff complained to defendant of the offensive music. The music was loudly played in various locations and defendant's management personnel were often exposed to the foul music. Defendant did not undertake any reasonable remedial actions to curb the playing of such music, e.g., the playing of the music was permitted, sans discipline. Defendant thereby implicitly

repudiated the written sexual harassment policy which it claimed to have in force.

8. Defendant failed to curb Mr. Johnson's harassment of plaintiff in a meaningful way. Instead of implementing timely and adequate remedial action, defendant's human resource employee told plaintiff to arrange her duties so as to attempt to avoid Mr. Johnson and to ensure she had another employee with her when interacting with Mr. Johnson.

9. As a direct and proximate result of being subject to sexual harassment, plaintiff suffered loss of enjoyment of life, emotional distress and related symptoms and manifestations, anger, loss of enthusiasm for work, and feelings of humiliation and isolation.

10. It has been necessary for plaintiff to retain counsel and incur costs in order to attempt to vindicate her right to a work environment free of hostile sexuality.

## Second Cause of Action

### (Retaliation)

11. Plaintiff hereby incorporates the allegations of paragraphs 1 through 10, inclusive, and all other paragraphs, as though the same had been fully set forth herein.

12. In approximately June of 2021, plaintiff was constructively and wrongfully discharged, i.e., she resigned as the result of being subject to a sexually hostile work environment. A constructive discharge is a recognized form of retaliation.

13. The constructive discharge/termination of plaintiff employment constituted retaliation, as prohibited by Title VII of the 1964 Civil Rights Act, i.e., 42 U.S.C. 2000e, et seq.

14. As a direct and proximate result of being subject to retaliation, plaintiff was injured and damaged as described herein and has been compelled to incur costs and retain counsel. Furthermore, plaintiff suffered a loss of income as a direct and proximate result of the constructive discharge, i.e., retaliation. Additionally, plaintiff lost a substantial assert, i.e., Tesla stock, which she would have retained but for the constructive discharge/retaliation.

WHEREFORE, plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of punitive damages;

3. For an award of costs and a reasonable attorney's fee;

4. For an award of economic damages according to proof; and

5. For such other relief, including injunctive relief, as the Court or jury may deem appropriate, e.g., for an injunction to compel defendants to enforce a reasonable policy against sexual harassment and/or policies against sexual/gender harassment, retaliatory harassment, and retaliation which it claims to enforce.

DATED this 20th day of October, 2022.

/s/ Mark Mausert
Mark Mausert
NV Bar No. 2398
Sean McDowell, Esq.
Nevada Bar No. 15962
729 Evans Avenue
Reno, NV 89512
TELEPHONE:(775) 786-5477
FACSIMILE: (775) 786-9658
*Attorneys for Plaintiff*

**INDEX OF EXHIBITS**

August 4, 2022 Issued Notice of Right to Sue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Exhibit 1